UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TONYA M. SEVERSON,              )
                                )
    Plaintiff,                  )   CASE NO. C09-1155-RSM
                                )
    v.                          )
                                )
MICHAEL J. ASTRUE,              )   ORDER AFFIRMING
Commissioner of Social Security,)   COMMISSIONER
                                )
    Defendant.                  )
_____)

       The Court has reviewed the entire record, including the Administrative Record, the memoranda of the parties, and the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler. The Report and Recommendation was noted for July 2, 2010, and any objections were due no later than June 28. Plaintiff's "Objections To Magistrate Report & Recommendation" was filed one day late on June 29, 2010. There was no response from the defendant and a response is not required. Regardless of Plaintiff's missed deadline, the Court will consider the objections and decide this matter on it's merits.

       Plaintiff objects to the Magistrate Judge's Report and Recommendation on two separate grounds; 1) Plaintiff's attendance at work and her credibility; and 2) Plaintiff's disagreement with the Magistrate Judge's assessment of the medical testimony.

1) **Plaintiff's Attendance and Credibility**

Plaintiff asserts that the Magistrate Judge failed to give proper credit to plaintiff's inability to maintain attendance during her employment under her former manager, Carmen Davis. Additionally, plaintiff contends that the Magistrate Judge improperly "elevated Ms. Davis' written statement to sworn testimony [that should be] subject to cross examination," citing to *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) for authority. Contrary to plaintiff's assertion, the Magistrate Judge carefully considered all of the testimony in the record before concluding that the ALJ properly evaluated plaintiff's credibility.  As the Magistrate Judge stated in her report, credibility determinations are particularly within the province of the ALJ.  Nevertheless, when an ALJ discredits a claimant's testimony, he must articulate specific and adequate reasons for doing so.  In this case, the record supports the finding that plaintiff's credibility was suspect based on Ms. Davis' statement that plaintiff "worked fine" as a cashier, followed instructions, worked independently, completed assigned tasks, coped well with changes, and worked well with supervisors and co-workers.  This statement directly contradicted plaintiff's assertions that she was unable to maintain a job because she could not follow through with work instructions, became distracted and frustrated, could not remember instructions, and could not handle change.  The fact that Ms. Davis indicated that plaintiff was terminated because her "only problem was attendance" does not detract from the reasoning and analysis of the ALJ or the conclusions of the Magistrate Judge.

Plaintiff appears to argue that it was improper for the ALJ, and the Magistrate Judge, to consider the written statement of Ms. Davis when she was not present and subject to cross examination. There is no requirement that the ALJ may *only* consider sworn testimony and not other statements in the record in evaluating a claimant's credibility. The *Thomas* case provides

no authority for such a proposition.  To the contrary, the court in *Thomas* held that, " [i]f the ALJ's credibility finding is supported by *substantial evidence* in the record, we may not engage in second guessing." See *Thomas*, 278 F.3d at 959, (emphasis added). All documents, statements, records and reports are fair game and may be properly considered by the ALJ in the making of a determination as to a claimant's ultimate disability.

   2)  **Assessment of Medical Testimony**

Plaintiff argues that the Magistrate Judge improperly assessed the ALJ's rejection of the medical evidence, specifically the testimony of Dr. Ankuta and Dr. Lewy.  This is nothing but a rehashing of the prior arguments made by plaintiff and considered by the Magistrate Judge prior to the issuance of her report.  In fact, Judge Theiler's Report and Recommendation in this case exceeds 20 pages in length.  Her discussion and analysis of the medical evidence in the record takes up the bulk of the report.  Contrary to the plaintiff's objections this Court finds that the Magistrate Judge thoroughly and carefully reviewed all of the medical evidence before reaching her conclusions and finds no error in that review.

It is therefore ORDERED:

(1)   The Court adopts the Report and Recommendation;

(2)   The Court AFFIRMS the decision of the Commissioner;

(3)   The Clerk shall direct copies of this Order to all counsel and to Judge Theiler.

DATED this 31st day of March, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE